```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Andrew G. Zukowski, et al.,    :

    Plaintiffs,            :

  v.                            :        Case No. 2:09-mc-30

Bank of America,               :        JUDGE GRAHAM

    Defendant.             :        MAGISTRATE JUDGE KEMP

<u>ORDER</u>

On June 29, 2009, plaintiffs Andrew and Teresa Zukowski submitted a pleading to the Clerk of Court entitled "Application for re-open criminal case from Andrew G. & Teresa Zukowski." Mr. Zukowski, who presented the case for filing, insisted that the matter be filed as a criminal case, and declined either to pay a civil filing fee or submit an application for leave to proceed *in forma pauperis* (that is, without prepayment of fees or costs). The Clerk was instructed by the undersigned Magistrate Judge to file the Zukowski's pleading as a miscellaneous case and to draw it by the usual method of random assignment to a Magistrate Judge and to a United States District Judge. That was done, and the case is now before the Court to determine in what manner, if any, the Zukowskis will be allowed to proceed with this case.

I.

According to their pleading, this Court has jurisdiction to hear their complaint based on diversity of citizenship. The complaint states that "the value disputed by the parties is greater than $75,000, parties are from different states ...." In the memorandum supporting the complaint, the Zukowskis state that they are moving this Court to reopen Case No. 99APE08-912, which apparently was closed on March 10, 2000 by way of a journal entry

of dismissal.  They further allege that some type of fraudulent conspiracy existed involving the three Tenth District Court of Appeals Judges who signed the dismissal entry, Franklin County Common Please Judge Fais, and counsel for Bank of America, which had apparently instituted foreclosure proceedings on the Zukowskis' home.  Mr. Zukowski asserts that, at the time the entry was filed, he was being held unlawfully in a "mental prison facility" and being medicated against his will.  He now seeks the "immediate detention" of the four judges named in the complaint, as well as Malinda Langston, Bank of America's attorney.

II.

The first question presented by the Zukowskis' pleading is whether they, as private citizens, may commence any type of criminal proceeding in a federal court.  For the following reasons, the Court concludes that they may not.

First, the basis which the complaint identifies for federal jurisdiction is diversity of citizenship.  The jurisdictional statute that authorizes the exercise of such jurisdiction is 28 U.S.C. §1332.  It states, in plain language, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States;...."  Clearly, that statute does not confer jurisdiction over criminal matters, but only civil cases.  Consequently, even if the parties are citizens of different states (and they do not appear to be, given that the four judges and the attorney being sued are all Ohio residents, as are the Zukowskis), the diversity statute cannot be used to create criminal jurisdiction over this case.

The complaint also states that it seeks to reopen Case No. 99APE08-912, a case which was formerly pending in the Tenth District Court of Appeals.  This Court cannot reopen a case that was never pending in this Court, and particularly not a case that

was pending in a state court.  The state courts do have rules which apply to reopening cases in those courts, but this federal court has no authority to act under state court rules.

More fundamentally, however, there is no authority to allow a private citizen to institute a criminal action in a federal court.  A private citizen cannot, of course, indict a criminal defendant; only a grand jury can do so.  Further, the Federal Rules of Criminal Procedure, which by their terms "govern the procedure in all criminal proceedings in the United States district courts," Fed.R.Crim.P. 1(a)(1), have no provision authorizing a private citizen to file a criminal complaint, which is the only other way, besides the filing of an indictment or an information prepared and signed by a United States Attorney, for a federal criminal action to be begun.  The case law interpreting the rules clearly prohibits such filings.  See, e.g., Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) ("Not only are we unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court, but also to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime ...."); Pugach v. Klein, 193 F. Supp. 630, 635 (S.D.N.Y. 1961) ("Nor is there a residual power in private citizens to take law enforcement into their own hands when the United States Attorney does not prosecute, for any, or for no reason"); see also Williams v. Flint Twp. Police Dept., 2009 WL 117837, *2 (E.D. Mich. January 16, 2009) ("a private citizen has no authority to initiate a federal criminal prosecution ...").  The Zukowskis may bring the events described in the complaint to the attention of a federal law enforcement agency, or the United States Attorney, if they wish to pursue a criminal prosecution, but they cannot simply file a complaint in this Court to begin that process.

III.

Because the Zukowskis cannot have this case proceed as a criminal action, the Court must determine whether they can proceed at all, and if so, what they must do in order to have the case proceed.

The only other possibility for proceeding with this case is to have it filed and litigated as a civil action. As this order notes, diversity jurisdiction seems not to be available as a basis for proceeding because all of the parties reside in Ohio. It may be that the Zukowskis wish to present a claim under some federal statute, such as 42 U.S.C. §1983, over which the Court would have jurisdiction without regard to the citizenship of the parties. This Court can exercise jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States even if the parties to such a civil action are all from the same State, and without regard to the amount that is in controversy. 28 U.S.C. §1331. The Court has similar jurisdiction over civil actions brought to enforce Acts of Congress providing for the protection of civil rights, or brought under the Constitution or Act of Congress "to redress the deprivation, under color of any State law, statute, ordinance, custom or usage, of any right, privilege or immunity secured by the Constitution ...." 28 U.S.C. §1343. Because the complaint seems to allege that the Zukowskis' rights were violated by persons acting under color of State law, the Court could construe the complaint as one falling with the jurisdiction provided in either 28 U.S.C. §1331 or §1343.

However, in order to institute a civil action in federal court, the filing party must either pay a filing fee (which is currently $350 for a new civil action, see 28 U.S.C. §1914) or the party must ask to have payment of that fee waived. Fee waivers can be granted under 28 U.S.C. §1915, which allows the

Court to waive the filing fee for a person who files an affidavit detailing his or her assets and demonstrating that he or she is unable to afford the required filing fee. Here, the Zukowskis have neither paid the filing fee nor asked for the fee to be waived. Consequently, if it is their desire to have the Court consider their complaint as a new civil action, they must either pay the fee or ask for a waiver. They will be given thirty days to do either, and if they do not, the case will be dismissed for failure to prosecute.

The Court adds this note, not to dissuade the Zukowskis from pursuing this complaint as a civil action if they want to do so, but to alert them to some possible problems if they make that choice. The statute of limitations applicable to claims arising under 42 U.S.C. §1983 is the two-year statute of limitations found in Ohio Revised Code §2305.10. Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989). Ordinarily, that time limit begins to run when all of the events giving rise to the cause of action have occurred. The Zukowskis' complaint refers to events from 1999 and 2000, so the statute of limitations may have run on any claims under §1983.

Further, judges are generally immune from suit under §1983 for any acts taken in their capacity as judges, such as signing dismissal entries, regardless of what factors may have led them to act in the way that they did. As one court has explained (and its explanation is generally consistent with the law applied by all federal courts),

> The well-established doctrine of judicial immunity entitles judges defending against §1983 suits to absolute immunity from damages stemming from conduct performed in a judicial capacity. Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir.1990). A judge cannot be deprived of this immunity where the conduct resulted from error, malice or an excess of authority. Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Moreover, a judge is not liable

> where an incorrect decision violates state law. Fields, 920 F.2d at 1119.
>
> Judicial immunity protects not the actions of the "malicious judge ... but [protects] the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence, and without fear of consequences." Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 349, 20 L.Ed. 646 (1871) (citation omitted). A judge is subject to suit only when the judge clearly has not been granted the authority to engage in the conduct at issue. See Stump, 435 U.S. at 356-57, 98 S.Ct. 1099. The relevant inquiry focuses on whether the judge acted "in excess of jurisdiction" or in the "clear absence of all jurisdiction." Bradley, 80 U.S. at 352, 80 U.S. 335. In other words, a judge is completely immune from suit unless the "judge does not act as a judge, or when a judge, though acting under color of judicial authority, lacks any jurisdiction supporting judicial authority for the action taken." Mireles v. Waco, 502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

Huminski v. Rutland County, 148 F.Supp. 2d 373, 377 (D. Vt. 2001). Consequently, any claims against the state court judges mentioned in the Zukowskis' pleading might be subject to immediate dismissal on grounds of judicial immunity.

The Court stresses that it is not deciding, in this order, whether the Zukowskis' complaint states a viable claim. That decision would only be made if the Zukowskis were to decide to pursue the case as a civil action, and if the defendants then moved to dismiss the case, or if the Zukowskis asked for a waiver of fees, in which case the Court would have to examine the complaint to see if it states a viable claim. See 28 U.S.C. §1915(e)(2), which requires the Court to dismiss a case in which the plaintiff is proceeding *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant who is immune from suit. Nevertheless, because Fed.R.Civ.P. 11(b)(2) requires any party asserting a claim in federal court to present

only claims that "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," the Zukowskis should consider whether any civil claims they might wish to pursue meet that standard.

IV.

For the foregoing reasons, the Court declines to open a new criminal case at the plaintiffs' request. If the plaintiffs want to pursue their claims as a new civil action, they shall either pay the required $350 filing fee within thirty days, or, within thirty days, submit an application for leave to proceed *in forma pauperis,* accompanied by the necessary affidavit demonstrating their inability to pay the filing fee. If they do neither, this miscellaneous action will be dismissed.

/s/ Terence P. Kemp
United States Magistrate Judge